# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: H.R.**

No. **15-0154** (Mercer County 14-JA-94)

**FILED**

June 15, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother T.R., by counsel Gerald R. Linkous, appeals the Circuit Court of Mercer County's January 22, 2015, order terminating her parental rights to H.R. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Ryan J. Flannigan, filed a response on behalf of the child and in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights to the children without granting her an improvement period.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On June 17, 2014, the DHHR filed an abuse and neglect petition against the parents of eight-week old H.R., alleging that the parents previously had their parental rights to five other children involuntarily terminated. The petition further alleged that H.R., who was born premature and with a heart condition, was observed having warm red skin and a red face due to being covered with three blankets. The parents were also observed walking with H.R. outside during a rainstorm without cover. During the walk, petitioner was unable to stand up straight, swaying back and forth, and nodding off, while the father showed signs of being under the influence. According to the petition, both parents tested positive for drugs shortly thereafter.

On November 7, 2014, the circuit court held an adjudication hearing. The circuit court found that the parents were walking with H.R. outside during a rainstorm with no cover, that petitioner was unable to stand up straight, swaying back and forth, and nodding off, that father showed signs of being under the influence. The DHHR also presented testimony that petitioner

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

tested positive for THC. Further, the circuit court found that the DHHR established that H.R. was without important medication for a period of time because the parents left it in their former residence upon eviction, the parents failed to pick up a new prescription from the hospital, and that failure to provide the medication created a life-threatening situation for H.R. A DHHR worker further testified that the issues from the previous case, including lack of consistent living environment, drug abuse, irregular visitation, concerns about parenting ability, and issues with child nutrition, had not been overcome. The circuit court found, by clear and convincing evidence, that H.R. was a neglected child.

On January 1, 2015, the circuit court held a dispositional hearing. A DHHR employee testified that H.R. had a medical diagnosis of failure to thrive related to abuse and neglect. Further, the DHHR employee's attempts at providing parenting skills, adult life skills, and visitation were not effective because the provider had difficulty maintaining contact with the parents and locating them where they were reportedly living. Petitioner's in-home service provider testified that the parents were actively avoiding her. The parents also failed to participate in substance abuse screening, according to the DHHR. Petitioner testified that she and the father had medical issues that resulted in surgical intervention and limited their movement. At the close of evidence, petitioner moved for a post-adjudicatory improvement period. The circuit court denied petitioner's motion and terminated her parental rights. The circuit court found that the parents did not participate in services and that the same issues present in the prior termination were present in the instant case. On January 22, 2015, the circuit court entered an order terminating petitioner's parental rights to H.R. This appeal followed.

The Court has established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner assigns error to the circuit court's termination of her parental rights to H.R. without granting her an improvement period. West Virginia Code §49-6-12(b) provides circuit courts discretion in ruling on motions for post-adjudicatory improvement periods. From our review of the record, it is clear that the evidence introduced at the dispositional hearing supports the circuit court's decision to deny petitioner an improvement period. The circuit court

found that petitioner did not cooperate with the DHHR after the adjudicatory hearing. Specifically, petitioner failed to regularly visit H.R., did not fully participate in drug screening, and failed to work with in-home service providers. Petitioner failed to meet the burden of establishing that she was likely to fully participate in an improvement period. In fact, petitioner admitted that she did not cooperate with DHHR after the adjudicatory hearing. While petitioner argues this was due to limitations from medical problems, those medical problems did not excuse the complete lack of effort by petitioner since the adjudication. As such, there is nothing in the record that demonstrates she is willing to comply with the terms of an improvement period. Thus, the circuit court did not err in denying her request for an improvement period.

Likewise, this same evidence established that petitioner was unlikely to substantially correct the conditions of abuse and neglect in the near future. This is especially true in light of the fact that petitioner's parental rights to five other children were involuntarily terminated in a previous case. The circuit court presided over that prior case and noted that in the instant matter petitioner has substance abuse issues and lacks a stable home environment for H.R., which were the exact issues in the previous case. The circuit court found that petitioner disregarded H.R.'s health and well-being and that her failure to provide H.R. with the necessary medication created a life-threatening medical situation. Given that the circuit court found that the conditions of abuse and neglect could not be substantially corrected in the near future, and that termination was necessary for the child's welfare, we find no error in the circuit court's determination that termination was in the child's best interests. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights on these findings.

For the foregoing reasons, we find no error in the circuit court's January 22, 2015, order, and we hereby affirm the same.

Affirmed.

**ISSUED**: June 15, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II